UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA VIOLET CORBETT | CIVIL ACTION |
| VERSUS | NO. 07-4435 |
| ALLSTATE INSURANCE COMPANY | SECTION "N" (3) |

# **ORDER and REASONS**

Before the Court is the **Motion to Stay Intervention (Rec. 83)** by Plaintiff-Intervenor Paul C. Miniclier ("Miniclier"). The motion is opposed by Defendant-Intervenor Cynthia Corbett ("Corbett"), though her attorneys David Binegar and Tiffany Renee Christian. After reviewing the Intervenor-Complaint, the memoranda, and the applicable law, the Court rules that the motion is **DENIED**.

## I. BACKGROUND

The present intervention and motion arise from a lawsuit Cynthia Corbett filed against her insurance company pursuant to damage to her home suffered during Hurricane Katrina. Miniclier represented Corbett in her suit but on April 10, 2008, on joint motion of the parties the Court substituted Mr. Binegar and Ms. Christian–both of them former associates of Miniclier's–and allowed Miniclier to withdraw. *See* Rec. Doc. 20. The next day, the Magistrate granted Miniclier's motion to intervene. *See* Rec. Doc. 21. The gravamen of Miniclier's Intervenor-Complaint is that he provided legal services under contract to Corbett and that by the

terms of that contract he is entitled to 40 percent of the settlement eventually reached in the underlying suit.

## II. ANALYSIS

In the instant motion, Miniclier argues that this Court must stay his intervention because of an arbitration clause in his contract with Corbett. However, Miniclier has never produced this contract or provided any evidence of its existence outside the allegations in his Intervenor-Complaint. Rather, he argues that "the Corbett file had been removed from [his] office" and, apparently, he is unable to produce a copy of it for that reason. Mot. At 2. Corbett has denied under oath that any such contract existed. *See* Opp. at Ex. 1. Binegar and Christian have also presented a letter from Miniclier dated March 26, 2008, which lists 13 different categories of files related to the Corbett matter being transferred from his office to that of Mr. Binegar and Ms. Christian. *Id.* at Ex. 2. This letter does not mention that any portions of the Corbett file are missing and its existence tends to cut against any inference that the Corbett file was removed without authorization as Miniclier suggests. Nor has Miniclier produced any evidence tending to show that even if the contract existed, it contained an arbitration clause. While the Court does not hold with this Order that the alleged contract does not exist, nonetheless Miniclier has presented no evidence of this contract or its terms that would justify granting the instant motion.[1]

## III. CONCLUSION

---

[1] Additionally, even if the contract does exist or its provisions can be shown with any degree of certainty, the Court is skeptical that the requested stay would be granted, since by filing a motion to intervene and invoking judicial process to the detriment of the Intervenor-Defendant, Miniclier has arguably waived any alleged contractual right to arbitration. *See Subway Equipment Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999) (citing *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)).

Finding no evidence to support the existence of a contract with an arbitration clause, the motion to stay intervention is **DENIED** without prejudice as to Plaintiff-Intervenor's ability to present appropriate evidence of the existence of this contract in support of a Rule 56 motion or at trial.

New Orleans, Louisiana, this 27th day of February 2009.

**KURT D. ENGELHARDT**
**United States District Judge**